(C.D. 3424)

JAMES G. WILEY CO., A/C BARBARA OF CALIF. ET AL. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided April 24, 1968)

*Stein and Shostak* for the plaintiffs.

*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before RAO, FORD, and BECKWORTH, Judges

RAO, Chief Judge: The merchandise covered by the protests listed in the schedule of cases, annexed to this decision and made a part

hereof, consists of merchandise which was classified as labels, not ornamented, of textile material, of manmade fibers, and assessed with duty at the rate of 25 cents per pound and 30 per centum ad valorem, pursuant to the provisions of item 385.61 of the Tariff Schedules of the United States.

It is claimed in said protests that said merchandise is properly dutiable at the rate of 25 cents per pound and 19 per centum ad valorem as rayon labels, pursuant to the provisions of said item 385.61, as amended by section 21 of the Tariff Schedules Technical Amendments Act of 1965, Public Law 89–241, T.D. 56511.

These protests have been submitted for decision upon a written stipulation of counsel for the respective parties which reads as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as follows:

1. That the merchandise covered by the entries and protests enumerated in Schedule A annexed hereto and made a part hereof, and assessed with duty at 25¢# + 30% ad val. under Item 385.61 of the Tariff Schedules of the United States, consists of Rayon labels.

2. That said protests are abandoned as to all other merchandise.

3. That the merchandise covered by the entries enumerated in Schedule A annexed hereto was entered or withdrawn from warehouse after August 31, 1963, the effective date of the Tariff Schedules of the United States, and before December 7, 1965, the effective date of the Tariff Schedules Technical Amendments Act of 1965, Public Law 89–241.

4. That said protests were filed on all of the entries enumerated in said Schedule A, under Section 514 of the Tariff Act of 1930, within 60 days after the dates of liquidation thereof, and that said protests were pending for decision by this Court on October 7, 1965, the date of enactment and/or on December 7, 1965, the effective date of the Tariff Schedules Technical Amendments Act of 1965, Public Law 89–241, 89th Congress.

5. That within 120 days after the date of enactment of said Public Law 89–241, a request was filed with the Collector of Customs at the port of entry, for liquidation or reliquidation of each of the entries enumerated in Schedule A and for classification of said merchandise at 19% ad val. + 25¢# under Item 385.61 of the Tariff Schedules of the United States as amended by Section 21 of said Public Law 89–241.

6. That the protests enumerated in the annexed Schedule of Cases may be submitted on this stipulation, the same being limited to the merchandise as aforesaid.

Upon the agreed facts, we find that plaintiff has complied with both section 514 of the Tariff Act of 1930 and section 2(b) of the Tariff Schedules Technical Amendments Act of 1965, Public Law 89–241, T.D. 56511, and that said merchandise is dutiable at the rate of 25

cents per pound and 19 per centum ad valorem pursuant to the provisions of item 385.61 of the Tariff Schedules of the United States, as amended by section 21 of said Technical Amendments Act, for labels of manmade fibers. The claim of the plaintiff to that effect is sustained. All other claims are, however, dismissed.

Judgment will be entered accordingly.